THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

HONORABLE JANIS L. SAMMARTINO
UNITED STATES DISTRICT JUDGE PRESIDING

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 13-CR-3782-JLS |
| | ) | NO. 15-CR-0033-JLS |
| PLAINTIFF, | ) | |
| | ) | JANUARY 16, 2015 |
| VS. | ) | |
| | ) | |
| MICHAEL VANNAK KHEM MISIEWICZ, | ) | ARRAIGNMENT |
| | ) | |
| DEFENDANT. | ) | |

---

APPEARANCES:

FOR THE PLAINTIFF: ROBERT S. HUIE
MARK W. PLETCHER
BRIAN R. YOUNG
U.S. ATTORNEY'S OFFICE
SOUTHERN DIST. OF CALIFORNIA
CRIMINAL DIVISION
880 FRONT STREET, SUITE 6293
SAN DIEGO, CA 92101

FOR THE DEFENDANT: WENDY S. GERBOTH
LAW OFFICES OF WENDY S. GERBOTH
964 FIFTH AVENUE
SUITE 214
SAN DIEGO, CA 92101

COURT REPORTER: GAYLE WAKEFIELD, RPR, CRR

JANUARY 16, 2015

AFTERNOON SESSION

THE CLERK: NUMBERS 12 AND 14 ON THE CALENDAR, 13-CR-3782 AND 15-CR-33, UNITED STATES VS. MICHAEL VANNAK KHEM MISIEWICZ, FOR ARRAIGNMENT.

MR. PLETCHER: GOOD AFTERNOON, YOUR HONOR, MARK PLETCHER FOR THE UNITED STATES.

MR. HUIE: GOOD AFTERNOON, YOUR HONOR, ROBERT HUIE.

MR. YOUNG: GOOD AFTERNOON, YOUR HONOR, BRIAN YOUNG.

MS. GERBOTH: GOOD AFTERNOON, YOUR HONOR, WENDY GERBOTH ON BEHALF OF MICHAEL VANNAK KHEM MISIEWICZ.

THE COURT: DO WE HAVE TO ARRAIGN YOUR CLIENT ON THE NEW SUPERSEDING INDICTMENT?

MS. GERBOTH: IN THE NEW CASE, YES.

THE COURT: THAT'S FILE ENDING IN 33?

MS. GERBOTH: THAT'S RIGHT.

THE COURT: LET'S BEGIN WITH THAT, ALEX.

THE CLERK: MICHAEL VANNAK KHEM MISIEWICZ, YOU ARE INFORMED THAT AN EIGHT-COUNT INDICTMENT HAS BEEN FILED IN 15-CR-33.

COUNSEL, HAVE YOU RECEIVED A COPY AND DO YOU WAIVE FURTHER READING?

MS. GERBOTH: YES, AND SO WAIVED.

THE CLERK: SIR, YOU ARE FURTHER INFORMED THAT YOU HAVE THE RIGHT TO -- I'M SORRY.

SIR, YOU ARE INFORMED THAT AN EIGHT-COUNT INDICTMENT HAS BEEN FILED IN 15-CR-33 CHARGING YOU WITH CONSPIRACY AND BRIBERY.

AND COUNSEL, DO YOU WAIVE FURTHER READING?

MS. GERBOTH: YES, READING IS WAIVED. THANK YOU.

THE CLERK: SIR, YOU ARE FURTHER INFORMED THAT YOU HAVE THE RIGHT TO BE REPRESENTED BY COUNSEL AT ALL STAGES OF THE PROCEEDINGS BEFORE THE COURT.

YOU HAVE THE RIGHT TO REMAIN SILENT.

YOU HAVE THE RIGHT TO A TRIAL BY JURY.

YOU HAVE THE RIGHT TO CONFRONT AND CROSS EXAMINE ANY WITNESS WHO TESTIFIES AGAINST YOU.

AND YOU HAVE THE RIGHT TO HAVE WITNESSES SUBPOENAED TO TESTIFY ON YOUR BEHALF.

SIR, HOW DO YOU PLEAD TO THIS EIGHT-COUNT INDICTMENT, GUILTY OR NOT GUILTY?

MS. GERBOTH: PLEASE ENTER A NOT GUILTY PLEA AS TO ALL COUNTS.

THE COURT: VERY WELL. THANK YOU.

WHY DON'T YOU TELL THE COURT WHERE WE ARE ON THESE MATTERS, THE NEW ONE AND THE PRIOR ONE.

MR. PLETCHER: THANK YOU, YOUR HONOR, AND GOOD AFTERNOON.

THIS CASE, WHICH HAD BEFORE YESTERDAY MORE DEFENDANTS AND MORE CASE NUMBERS, IS NOW DOWN TO A SINGLE DEFENDANT, SO

THE CASE, AS WE STAND HERE TODAY, IS AS CRYSTALLIZED AS WE BELIEVE THE CHARGES ARE GOING TO BECOME. OBVIOUSLY, WE'RE LEFT WITH ONE DEFENDANT.

THE DISCOVERY HAS BEEN LARGELY PRODUCED. WE'RE GOING THROUGH THE PROCESS OF MAKING SURE THAT ANY ADDITIONAL DOCUMENTS OR EVIDENCE THAT ARE RELEVANT TO THESE PARTICULAR CHARGES AGAINST MR. MISIEWICZ IS PROVIDED TO THEM, BUT AS FAR AS THE UNITED STATES IS CONCERNED, WE'RE READY TO PROCEED. WE'RE READY TO SET DATES, OR AT LEAST TARGET DATES, TO MOVE THE CASE FORWARD, UP TO AND INCLUDING SETTING A TRIAL DATE AND WORKING BACK FROM THERE.

THE COURT: THANK YOU.

LET ME HEAR FROM YOU, MS. GERBOTH, AS TO WHAT YOUR THOUGHTS ARE.

MS. GERBOTH: MY THOUGHTS ARE THAT WE'RE GOING TO NEED ANOTHER TIME -- EXCUSE ME, WE'RE GOING TO NEED MORE TIME, AND I'M GOING TO REQUEST TO SET A STATUS OUT ABOUT 90 DAYS. THE MAIN REASON IS, AS A RESULT OF THE DISCOVERY REVIEW -- WE HAVE BEEN SLOGGING THROUGH THE DISCOVERY REVIEW, BUT WE'VE HAD A VERY ROUGH START, AS I THINK THE COURT UNDERSTANDS FROM THE PLEADINGS THAT WE HAD TO FILE.

WE HAD INITIALLY -- THE GOVERNMENT -- IN ORDER FOR US TO BE COST EFFECTIVE, THE GOVERNMENT HAD ALLOWED US TO USE THEIR CONCORDANCE LICENSE TO REVIEW, WHICH IS A DISCOVERY SOFTWARE MANAGEMENT PROGRAM. THAT TURNED OUT TO NOT WORK FOR

US. WE HAD -- MY INVESTIGATOR WAS INTERFACING WITH BOTH THE I.T. PEOPLE FROM THE GOVERNMENT AND ALSO THE PEOPLE FROM THE OFFICE OF DEFENDER SERVICES, BUT WE HAD A MYRIAD OF PROBLEMS TRYING TO USE THEIR STUFF BASICALLY.

SO IN AUGUST WE FILED A MOTION AND THE COURT APPOINTED US THE DISCOVERY EVIDENCE EXPERT WHO WAS ABLE -- IS NOW WORKING WITH US. THAT ORDER WAS ISSUED ON AUGUST 25TH. SO SINCE THAT DATE HE IS GETTING US UP AND RUNNING, AND WE FEEL WE'RE TO THAT POINT NOW, BUT WE ARE FAR DOWN THE ROAD AND FEEL LIKE WE'RE A LITTLE BIT BEHIND.

WE'RE READY TO PUT ALL RESOURCES INTO IT AND REALLY RAMP UP THE DISCOVERY REVIEW, BUT THAT'S BASICALLY WHAT OUR ISSUE HAS BEEN. THE GOVERNMENT WAS KIND ENOUGH TO LET US TRY TO USE THEIR CONCORDANCE AND OFFER THEIR RESOURCES, BUT IT JUST DIDN'T WORK OUT, SO WE ARE WHERE WE ARE, BUT WE DO NEED MORE TIME GOING FORWARD.

THERE'S AN ADDITIONAL ISSUE THAT I NEED TO RAISE TO THE COURT, AND IT'S DIFFICULT TO KNOW HOW TO HANDLE THIS, BUT I WANTED TO ALERT THE COURT THAT MY COMPUTER WAS HACKED INTO, AND IT SUGGESTS THAT SOME OF THE WORK ON MY CASE, AND THE COMMUNICATIONS WITH MY CLIENT AND MY INVESTIGATOR, MAY HAVE BECOME COMPROMISED.

I WANT TO ASSURE THE COURT, AND ALSO THE GOVERNMENT, THAT NONE OF THE DISCOVERY IS ON THAT COMPUTER. ONE OF THE REASONS THAT WE IN THE BEGINNING ASKED THE COURT FOR RESOURCES

TO GET ADDITIONAL COMPUTERS IS BECAUSE WE KEEP THE DISCOVERY SEPARATELY ON COMPUTERS THAT HAVE NO ACCESS TO THE INTERNET. HOWEVER, MY OWN PERSONAL -- OR NOT MY PERSONAL, MY WORK COMPUTER WAS HACKED INTO.

NOW, I HAD A FORENSIC COMPUTER EXPERT EVALUATE IT, BUT SO FAR THEY'VE BEEN UNABLE TO IDENTIFY WHAT THE SOURCE OF THE INVASION WAS. WHAT THEY HAVE BEEN ABLE TO DETERMINE IS THAT THERE'S NO TRAIL. THEY CAN'T FIND OUT HOW IT WAS -- HOW THEY GOT INTO MY COMPUTER, AND WHAT INFORMATION WAS TAKEN OUT OF THE COMPUTER.

THE COURT: LET ME STOP YOU FOR JUST A SECOND. DID I UNDERSTAND YOU TO SAY IT'S A WORK COMPUTER THAT DOES NOT HAVE ANY OF THE DISCOVERY OR DATA AS IT RELATES TO THIS CASE?

MS. GERBOTH: IT DOESN'T HAVE THE DISCOVERY THAT'S COVERED BY THE PROTECTIVE ORDER. IT DOES HAVE SOME OF MY WORD PERFECT FILES, MY EMAILS, THAT INFORMATION THAT --

THE COURT: THAT'S PERTINENT TO THIS CASE.

MS. GERBOTH: YES, PERTINENT TO THIS CASE.

THE COURT: OKAY.

MS. GERBOTH: THEY ALSO WERE NOT ABLE TO FIND ANY COMMERCIALLY-AVAILABLE SPYWARE OR ANYTHING OF THAT NATURE, WHICH LED THE EXPERT TO BELIEVE THAT IT WAS A VERY HIGHLY SOPHISTICATED INVASION INTO THE COMPUTER SYSTEM. THEY CANNOT DISCOVER THE SOURCE.

THEY ALSO SAID THAT BECAUSE THE TRACKS ARE NOT -- NOT

BEING ABLE TO TRACK HOW IT GOT THERE OR IF INFORMATION WAS TAKEN OUT, IT'S INCONSISTENT WITH HOW BLATANTLY, IT APPEARED TO ME, THAT MY COMPUTER WAS HACKED. THE ANALYSIS WAS IT LOOKS LIKE SOMEBODY WANTS ME TO KNOW THAT MY COMPUTER IS BEING MONITORED. I HAVE NO IDEA WHO THAT IS. WE'RE TRYING TO TAKE STEPS IN ORDER TO FIGURE IT OUT, BUT I HAVE CONCERNS ABOUT THAT INFORMATION.

ALSO, BECAUSE OF THE SOURCE -- WE DON'T KNOW WHAT THE SOURCE IS, I DO HAVE CONCERNS ABOUT TRYING TO KEEP THE INTEGRITY OF OTHER INFORMATION, ATTORNEY/CLIENT PRIVILEGED COMMUNICATIONS, SO I'M GOING TO NEED SOME TIME TO TRY AND FIGURE OUT HOW THE BEST WAY TO SECURE THAT, BUT I THOUGHT I SHOULD LET EVERYONE KNOW THAT THAT IS, IN FACT, THE SITUATION THAT'S GOING ON.

FINALLY, THE LAST THING THAT I HAVE TO TALK ABOUT IS I DO BELIEVE THAT THE GOVERNMENT HAS BEEN CONTINUING TO PRODUCE DISCOVERY, BUT I KNOW THAT SEVERAL OF THE DEFENDANTS IN RELATED CO-DEFENDANT CASES HAVE PLEADED GUILTY. I IMAGINE THAT THERE'S GOING TO BE ADDITIONAL DISCOVERY COMING FORWARD. WE HAVE NOT YET RECEIVED ANY CLASSIFIED INFORMATION, WHICH I BELIEVE IS GOING TO BE NECESSARY FOR SOME OF THE ALLEGATIONS IN THE INDICTMENT.

SO FOR ALL THOSE REASONS I WOULD ASK THE COURT TO SEE IF WE COULD SET A STATUS DATE FOR ABOUT ANOTHER 90 DAYS, AND IN THE MEANTIME I'M HOPING I CAN SORT OUT SOME OF THESE OTHER

ISSUES.

THE COURT: OKAY. VERY WELL.

GO AHEAD, MR. PLETCHER.

MR. PLETCHER: IT WOULD BE MY PROPOSAL TO THE COURT THAT WE SORT OF WORK BACKWARD FROM AN EVENTUAL TRIAL DATE. I HAVE NO PROBLEM WITH A STATUS DATE IN 60 DAYS. THAT SEEMS REASONABLE.

THE COURT: SHE'S ASKING FOR 90 DAYS, I THINK, 90 DAYS FOR STATUS.

MR. PLETCHER: I'M SUGGESTING 60.

THE COURT: OKAY.

MR. PLETCHER: IT'S TROUBLING FOR ME TO HEAR THAT IN AUGUST -- WELL, I'M NOT SURE WHAT DATE, BUT STANDING HERE IN JANUARY OF 2015 THAT THE DEFENSE IS JUST NOW FIGURING OUT A WAY TO LOOK AT THE EVIDENCE. EVEN IF THEY HAD TO JUST PLUG IT INTO A COMPUTER BEFOREHAND, YOU KNOW, THAT'S 18 MONTHS AFTER THE CASE WAS -- INITIALLY BEGAN AND EVIDENCE AS TO WHAT REMAINS COUNT 1, THE OVERARCHING CONSPIRACY COUNT, WAS PRODUCED. IT ISN'T A SUFFICIENT ANSWER THAT "TODAY WE'RE STARTING AT GROUND ZERO AND NOW WE'RE GOING TO REVIEW THE EVIDENCE."

THIS CASE HAS BEEN PENDING. ADDITIONAL CHARGES WERE ANTICIPATED. THE ADDITIONAL CHARGES ARE JUST SIMPLY SUBSTANTIVE BRIBERY COUNTS. THEY DON'T ADD ANY ADDITIONAL FACTS. THEY DON'T ADD ANY ADDITIONAL INCIDENTS. THEY'RE JUST SIMPLY SUBSTANTIVE BRIBERY COUNTS THAT ARE PART AND PARCEL OF

COUNT ONE OF THE OVERARCHING CONSPIRACY.

SO NOTHING NEW HAS HAPPENED WITH THIS NEW INDICTMENT, IT JUST CRYSTALLIZES THE CASE SPECIFICALLY. I THINK IT DOES CRYSTALLIZE ALSO WHAT THE DISCOVERY OBLIGATIONS ARE.

WE DON'T ANTICIPATE THAT THERE'S THIS ENORMOUS ADDITIONAL RAFT OF DISCOVERY THAT IS DUE AND OWING TO THEM. THEY HAVE ALL OF THE DOCUMENTS THAT WERE COMMANDER MISIEWICZ'S DOCUMENTS. THEY HAVE MANY OF THE OTHER, IF NOT ALL OF THE OTHER, DOCUMENTS RELATED TO CONTRACT FILES, RELATED TO EMAILS OF OTHER CO-DEFENDANTS THAT MIGHT BE RELEVANT. AND WE ARE UNDERTAKING, AS WE SIT HERE, TO MAKE SURE THAT THEY HAVE EVERYTHING THAT WE CONSIDER TO BE IN THE SCOPE OF DISCOVERY.

IT ALSO ISN'T LOST ON THE COURT THAT SINCE THE VERY BEGINNING OF THIS CASE WE HAVE LET THE DEFENSE KNOW WHAT OUR ENTIRE UNIVERSE OF EVIDENCE IS AND INVITED THEM TO REQUEST ANY PARTICULAR PIECES OF ADDITIONAL EVIDENCE THAT THEY THOUGHT RELEVANT, AND WE HAVEN'T RECEIVED THAT REQUEST. WE'RE NOT DELINQUENT IN RESPONDING TO THOSE REQUESTS.

SO IF IN THAT UNIVERSE THERE'S SOMETHING THAT MS. GERBOTH OR COMMANDER MISIEWICZ FINDS SIGNIFICANT, THAT UNIVERSE HAS REMAINED CONSTANT OVER THE COURSE OVER THE LAST 18 MONTHS, AND THAT DUTY UNDER RULE 16, ONCE THE DISCOVERY IS MADE AVAILABLE, SHIFTS TO THEM TO AVAIL THEMSELVES OF IT.

SO I GUESS FOR THOSE REASONS, I WOULD PROPOSE SOMETHING LIKE THIS, STATUS CONFERENCE IN 60 DAYS, MOTION HEARING DATE IN

FOUR MONTHS TIME, AND A TRIAL DATE IN SEVEN MONTHS TIME.

MS. GERBOTH: IF I COULD JUST RESPOND BRIEFLY TO THAT.

THE COURT: CERTAINLY.

MS. GERBOTH: FIRST OF ALL, IT'S NOT THAT WE HAVEN'T BEEN REVIEWING DISCOVERY AT ALL. IT'S THE FACT THAT IT HASN'T BEEN UPLOADED INTO A SOFTWARE MANAGEMENT PROGRAM THAT WAS EFFECTIVE IN ITS ABILITY TO SEARCH, AND THAT'S THE KEY WHEN WE'RE TALKING ABOUT THE VOLUME OF DISCOVERY THAT'S INVOLVED HERE.

I WOULD REMIND THE COURT THAT IN MAY, LAST MAY, WHEN THE GOVERNMENT FILED THEIR STATUS REPORT PRIOR TO A HEARING BACK THEN, THEY INDICATED THERE WAS 18 TERABYTES OF DISCOVERY. THE CASE WAS FILED IN SEPTEMBER. THE FIRST REALLY SUBSTANTIVE PRODUCTION BY THE GOVERNMENT WASN'T UNTIL THE FOLLOWING MARCH. IT TOOK THEM ALMOST SIX MONTHS FOR THAT FIRST MAJOR PRODUCTION.

IN ADDITION, THAT REPORT IN MAY INDICATED THAT THEY HAD TEN AGENTS ASSIGNED TO THE CASE, AND NINE MORE AGENTS WHO WERE ASSIGNED SOLELY FOR THE PURPOSE OF DISCOVERY. EVEN WITH THOSE RESOURCES, IT TOOK THEM UP TO SIX MONTHS TO MAKE THE FIRST INITIAL PRODUCTION. SO IT CAN'T BE LOST ON THE SIGNIFICANCE OF, FINE, WE CAN SIT THERE AND REVIEW DISCOVERY, BUT IF WE DON'T HAVE EFFECTIVE SEARCH TOOLS IN PLACE, THAT IS THE PROBLEM, AND WE DO BELIEVE THAT WE'RE TO THAT POINT NOW, BUT WE ARE BEHIND SCHEDULE, BUT IT ISN'T THAT WE HAVEN'T BEEN LOOKING AT DISCOVERY, IT'S JUST THAT IT HASN'T BEEN EFFICIENT.

MR. PLETCHER: APPLES TO APPLES AND ORANGES TO ORANGES. THIS CASE ENCOMPASSES MUCH MORE THAN THE SINGLE DEFENDANT BEFORE YOU. THERE ARE SCORES OF SUBJECTS OF THIS INVESTIGATION OVER THE COURSE OF TIME. THAT'S WHAT THE AGENT RESOURCES ARE DEDICATED TO.

COMMANDER MISIEWICZ IS ONE DEFENDANT IN THAT SUBSET. HIS DISCOVERY, THE FACTS AND THE EVIDENCE THAT ARE SPECIFIC TO HIS CASE, IS MUCH, MUCH, MUCH MORE LIMITED. THAT IS NOT 18 TERABYTES OF DATA. THAT'S A MUCH MORE NARROW SUBSET.

I TAKE MS. GERBOTH'S WORD AT FACE VALUE THAT SHE HAD PROBLEMS WITH CONCORDANCE AND IS NOW WORKING THROUGH THOSE THINGS. IT'S A WAY OF SAYING, WITH THE SUBSET OF DISCOVERY THAT APPLIES DIRECTLY TO COMMANDER MISIEWICZ, THIS IS NOT AN OVERWHELMING TASK TO GET READY FOR A CASE THAT'S BEEN INDICTED FOR 18 MONTHS AND REALLY ADDS NOTHING NEW AS OF TODAY. THE ALLEGATIONS ARE THE SAME. THE BRIBERY'S THE SAME. AND WE'RE TALKING ABOUT SEVEN MONTHS -- I MEAN, WE'RE TALKING ABOUT SEVEN MORE MONTHS IS THE GOVERNMENT'S PROPOSAL TO GET READY FOR TRIAL. IT'S HARD TO THINK THAT THAT'S AN UNDULY BRIEF PERIOD.

MS. GERBOTH: JUST ONE LAST THING IS WITH RESPECT TO THE DISCOVERY, IN MARCH THEY TURNED OVER A TWO TERABYTE DRIVE THAT WAS SIMPLY THINGS THAT THEY HAD SEIZED FROM COMMANDER MISIEWICZ, SO THERE'S TWO TERABYTES RIGHT THERE THAT DOESN'T HAVE ANYTHING TO DO WITH THE GOVERNMENT'S OTHER PRODUCTION. SO RIGHT THERE, ALL THE THINGS ON HIS DEVICE, ALL OF THAT IS A LOT

OF INFORMATION TO GO THROUGH, AGAIN WHEN YOU DON'T HAVE A PROGRAM THAT'S FUNCTIONING PROPERLY SEARCHING. SO EVEN WITH THAT, TO GET THROUGH THAT TWO TERABYTES, THAT DOESN'T GET US INTO THE GOVERNMENT'S INFORMATION, AND I WOULD STILL STAND ON THE REQUEST THAT WE SET THIS OUT FOR STATUS IN 90 DAYS. WE'RE GOING TO DO EVERYTHING WE CAN TO RAMP EVERYTHING UP, BUT WE NEED THAT ADDITIONAL TIME.

THE COURT: LET ME ASK YOU THIS, COUNSEL, IN THE NEWLY-FILED CASE, THE 15-CR-33, YOU NEED TO RE-FILE MOTIONS IN THAT CASE?

MS. GERBOTH: YES.

THE COURT: HOW SOON CAN YOU DO THAT?

MS. GERBOTH: I CAN RE-FILE THE DISCOVERY MOTION. I DON'T THINK IT WILL BE SIGNIFICANTLY DIFFERENT THAN IT PREVIOUSLY WAS, ALTHOUGH WE'LL TAILOR IT MORE SPECIFICALLY BASED ON CONVERSATIONS THAT WE HAD PREVIOUSLY WITH THE GOVERNMENT. I CAN PROBABLY GET A DISCOVERY MOTION ON FILE BY NEXT WEEK.

THE COURT: I'M GOING TO APPOINT YOU, MS. GERBOTH, IN THIS NEWLY-FILED CASE. YOU WERE APPOINTED IN THE PRIOR CASE, IN THE 3782 CASE, SO YOU'RE NOW APPOINTED ON THE 33 CASE.

I'M GOING TO IMPOSE THE SAME BOND CONDITIONS AS PREVIOUSLY SET IN THE PRIOR CASE, 3782.

MS. GERBOTH: THANK YOU.

THE COURT: SO I'VE TAKEN CARE OF THAT.

WELL, IT SEEMS TO ME THAT WE NEED TO PROCEED, BUT I WANT TO PROCEED WITH DATES THAT ARE REALISTIC, AND I'M NOT SURE THAT WE'RE THERE -- QUITE THERE YET.

IF I ASKED YOU, MR. PLETCHER, WHAT'S THE LENGTH OF THIS TRIAL, COULD YOU TELL ME?

MR. PLETCHER: SURE. I THINK THE GOVERNMENT'S CASE WILL TAKE PROBABLY BETWEEN SEVEN OR EIGHT TRIAL DAYS. IT MAY BE LESS AS WE CIRCUMSCRIBE THE EVIDENCE. THAT'S MY ESTIMATE RIGHT NOW, NOT HAVING SEEN ANY SUBSTANTIVE DEFENSES, NOT HAVING SEEN ANY DEFENSE MOTIONS, BUT IN TERMS OF THE PRESENTATION OF THIS EVIDENCE, PICKING A JURY, MAYBE ONLY FIVE DAYS.

THE COURT: BASED ON WHERE WE ARE, I'M NOT EVEN SURE MS. GERBOTH KNOWS WHAT, IF ANY, SUBSTANTIVE MOTIONS SHE'S GOING TO BRING.

MAYBE YOU DO, MS. GERBOTH.

MS. GERBOTH: NO, NOT AT THIS POINT.

THE COURT: SO WHAT I'M GOING TO DO IS THIS, LET'S KEEP MONITORING THIS CASE VERY CLOSELY. I'M GOING TO GO WITH JUST 60 DAYS FOR A STATUS AND SEE WHERE WE ARE. I'M GOING TO DECLINE TO SET FURTHER DATES BECAUSE I WANT THEM TO BE REALISTIC. I DON'T WANT TO PICK A TRIAL DATE THAT'S GOING TO BOUNCE ALL OVER THE PLACE. WHEN WE PICK IT, WE'RE GOING TO GO. LET'S GET A LITTLE BIT FURTHER INTO THIS.

I HOPE THAT THE SYSTEM IS SET UP, MS. GERBOTH, SO THAT YOUR TIME CAN BE PRODUCTIVE IN SEARCHING THIS INFORMATION.

THERE IS A LOT TO GO THROUGH. EVEN THOUGH IT IS JUST ONE DEFENDANT AT THIS POINT, HE WAS PART OF A BIGGER PICTURE, AND THINGS NEED TO BE REVIEWED.

LET'S GO 60 DAYS OUT, ALEX, FOR A STATUS.

THE CLERK: MARCH 27TH AT 2:00 P.M.

THE COURT: DOES THAT WORK FOR BOTH SIDES? DOES THAT WORK FOR YOU, MR. PLETCHER?

MR. PLETCHER: YES, YOUR HONOR. THANK YOU.

MS. GERBOTH: THAT'S FINE WITH ME, THANK YOU.

THE COURT: VERY WELL, ANYTHING ELSE WE NEED TO TAKE CARE OF ON THIS?

YOU'LL GET MOTIONS ON FILE SOMETIME NEXT WEEK, MS. GERBOTH?

MS. GERBOTH: YES, THE DISCOVERY MOTIONS.

MR. PLETCHER: THE EXCLUSION OF TIME. WE HAVE PREVIOUSLY EXCLUDED TIME. BOTH BECAUSE OF PENDING MOTIONS, AND BECAUSE OF COMPLEXITY, THE REVIEW OF THE DISCOVERY, AND FOR OTHER REASONS IN THE INTERESTS OF JUSTICE, I WOULD ASK THE COURT TO MAKE THOSE FINDINGS AGAIN ON THE RECORD AND EXCLUDE TIME THROUGH THE 60 DAYS, I THINK.

THE COURT: THROUGH MARCH 27TH, FROM TODAY'S DATE THROUGH THE 27TH OF MARCH OF THIS YEAR. WOULD YOU AGREE, MS. GERBOTH, THAT TIME IS EXCLUDED?

MS. GERBOTH: YES, I DO, YOUR HONOR.

THE COURT: VERY WELL.

MR. PLETCHER: I THINK, YOUR HONOR, IF YOUR HONOR THINKS IT APPROPRIATE, GIVEN THE NATURE OF THIS CASE, I THINK WE WOULD SUBMIT A WRITTEN ORDER TO THE COURT TO THAT EFFECT.

THE COURT: YOU ANTICIPATED ME. I APPRECIATE THAT. IF YOU WOULD PREPARE THAT, I WILL EXECUTE THAT AS SOON AS YOU GET IT TO ME, MR. PLETCHER.

MR. PLETCHER: THANK YOU, YOUR HONOR.

THE COURT: I THINK THAT'S ABSOLUTELY APPROPRIATE. WE'LL SEE YOU IN 60 DAYS.

MS. GERBOTH: SOUNDS GOOD. THANK YOU.

MR. PLETCHER: THANK YOU.

MR. HUIE: THANK YOU, YOUR HONOR.

THE COURT: THANK YOU.

(THE HEARING CONCLUDED.)

C E R T I F I C A T E

I, GAYLE WAKEFIELD, CERTIFY THAT I AM A DULY QUALIFIED AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED STATES DISTRICT COURT, THAT THE FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF THE PROCEEDINGS AS TAKEN BY ME IN THE ABOVE-ENTITLED MATTER ON JANUARY 16, 2015; AND THAT THE FORMAT USED COMPLIES WITH THE RULES AND REQUIREMENTS OF THE UNITED STATES JUDICIAL CONFERENCE.

DATED: JULY 2, 2015

/S/ GAYLE WAKEFIELD
GAYLE WAKEFIELD, RPR, CRR
OFFICIAL COURT REPORTER